FILED
SUPERIOR COURT
OF GUAM

2022 JUN -3 PM 3: 07

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| HEE S. PARK and MYUNG J. PARK, | Civil Case No. CV0463-20 |
| Plaintiffs, | |
| v. | **DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| ALEX VASQUEZ, FADA INVESTMENTS LLC, ALBERT WU, PIA MARINE HOMEOWNER'S ASSOCIATION, PIA MARINE HOMEOWNERS ASSOCIATION BOARD OF DIRECTORS, DB INSURANCE CO., LTD., and DOES 1-10, | |
| Defendants. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on March 8, 2022 for hearing on Defendants Pia Marine Homeowner's Association's ("HOA's") and Fada Investments LLC's ("Fada's") (collectively the "Defendants'") Motion for Summary Judgment ("Motion"). Attorney Peter Perez represents Hee. S. Park and Myung J. Park (collectively the "Plaintiffs"), and Attorney R. Marsil Johnson represents the Defendants. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** the Defendants' Motion.

## BACKGROUND

### I.   Undisputed Facts:

On May 29, 2020, Plaintiff Hee S. Park was attacked and repeatedly bit by a large German Shepherd / Pitbull type dog while walking in Pia Marine Hotel and Condominium's ("Pia Marine's") common area. See Amended Complaint at ¶ 14-15 (Aug. 7, 2020).

Decision and Order Denying Defendant's Motion for Summary Judgment
CV0463-20, *Hee S. Park & Myung J. Park v. Alex Vasquez, et. al.*
Page 1 of 10

The dog was owned by Alex Vasquez, who resided at Pia Marine Unit 1217. Id. at ¶ 3, 13. Fada owned Unit 1217 and was Vasquez's landlord at the time. Id. at ¶ 3-4. Vasquez's lease agreement explicitly prohibited him from keeping any pets in Unit 1217. See Declaration of Albert Wu at ¶ 9 (Nov. 22, 2021). The HOA was responsible for operating, managing, controlling, and maintaining Pia Marine's premises and common areas at the time. See Amended Complaint at ¶ 6 (Aug. 7, 2020). Both Defendants claim to be unaware that Vasquez was keeping a dog in Unit 1217 prior to the incident. See Declaration of Albert Wu at ¶ 11-20; HOA's Memorandum in Support of Motion ("HOA's Memo") at 3 (Nov. 22, 2021).

## II. Procedural History:

On August 7, 2020, the Plaintiffs submitted their Amended Complaint, alleging claims of negligence, negligence per se, res ipsa loquitur, negligent infliction of emotional distress and loss of consortium attributable to the Defendants. See Amended Complaint at ¶ 22-58 (Aug. 7, 2020).

On November 22, 2021, the Defendants filed their Motion for Summary Judgment. Both Defendants deny the existence of any triable issues of material fact. Defendants claim their non-pet owner status prevents them from being liable under the claims of negligence, negligence per se, and res ipsa loquitur. See Fada's Memorandum in Support of Motion ("Fada's Memo") at 5-12, 17-19 (Nov. 22, 2021); HOA's Memo at 4-13 (Nov. 22, 2021). Both Defendants also refute the claim of negligent infliction of emotional distress, arguing their conduct was neither extreme nor outrageous. See Fada's Memo at 16-17 (Nov. 22, 2021); HOA's Memo at 13-14 (Nov. 22, 2021).

On January 21, 2022, the Plaintiffs submitted their Opposition to Defendant's Motion ("Opposition"). The Plaintiffs claim to be suing Defendants on a basis of premises liability

Decision and Order Denying Defendant's Motion for Summary Judgment
CV0463-20, *Hee S. Park & Myung J. Park v. Alex Vasquez, et. al.*
Page 2 of 10

and direct actions rather than as owners of the dog. See Opposition at 2 (Jan. 21, 2022). The Plaintiffs believe Fada is liable for failing to ensure his tenant complied with HOA rules and regulations, and that HOA is liable for failing to enforce their pet policies. Id. at 7-11.

On February 3, 2022, the Defendants filed their reply. The Defendants both claimed they can't be found negligent because no evidence was submitted showing they knew the dog was dangerous or that they ever possessed the dog. See Fada's Reply at 1-10 (Feb. 3, 2022); HOA's Reply at 1-9 (Feb. 3, 2022).

The Court held a hearing on March 8, 2022. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

### I. Legal Standard:

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See *Hawaiian Rock Products Corp. v. Ocean Housing, Inc.*, 2016 Guam 4 ¶ 26 (quoting GRCP 56(c)) (internal quotations omitted). "Genuine issues" are factual disputes requiring resolution by a fact-finder. See *Hayle v. Hemlani*, 2000 Guam 25 ¶ 20. "Material facts" are "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." Id. at ¶ 20.

The court "must view the evidence and draw inferences in the light most favorable to the non-movant." Id. at ¶ 21 (internal citation omitted). "If the movant can demonstrate there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." Id. at ¶ 21 (internal citation omitted). If the

Decision and Order Denying Defendant's Motion for Summary Judgment
CV0463-20, *Hee S. Park & Myung J. Park v. Alex Vasquez, et. al.*
Page 3 of 10

non-movant is unable to do so, summary judgment shall be entered against the adverse party. See GRCP 56(e).

## II.  Claim One: Negligence

To recover under a theory of negligence under Guam law, the Plaintiffs must establish "the existence of a duty, the breach of such duty, causation and damages." See *Guerrero v. McDonalds Int'l Prop. Co.,* 2006 Guam 2 ¶ 9.

Both Defendants challenge the existence of any duty of care to protect third parties from Vasquez's dog because they did not own / care for the dog, and had no knowledge of the dog's existence or dangerous propensities. See Fada's Memo at 12-15 (Nov. 22, 2021); HOA's Memo at 9-13 (Nov. 22, 2021).

However, the Defendants are misconstruing the nature of the Plaintiffs' claim. The Plaintiffs are not suing the Defendants as owners of the dog; rather they are suing upon premises liability and direct action. See Opposition at 2 (Jan. 21, 2022). The Plaintiffs instead alleged Fada owed a duty of care to ensure Unit 1217's compliance with Pia Marines' HOA rules and regulations. See Amended Complaint at ¶ 23 (Aug. 7, 2020). The Plaintiffs alleged HOA failed to enforce Pia Marine's pet policies. Id. at ¶ 23. Furthermore, the Plaintiffs have sufficiently alleged that both Defendants breached their duties, and that their breach actually and proximately damaged the Plaintiffs. Id. at ¶ 24-26.

In Guam, "every landowner owes a duty to exercise reasonable care in the management of his property." See *Nissan Motor Corp. v. Sea Star Grp. Inc.,* 2002 Guam 5 ¶ 11. What constitutes reasonable care varies depending on the circumstances of each individual case, but reasonable care "generally imposes an obligation to make reasonable periodic inspections". See *Souhsiung Chiu v. Timbershore Home Owners' Ass'n.,* 2018 WL 414355 (Minn. Ct. App. 2018). Both Fada (as the landlord) and HOA (as an association of

Decision and Order Denying Defendant's Motion for Summary Judgment
CV0463-20, *Hee S. Park & Myung J. Park v. Alex Vasquez, et. al.*
Page 4 of 10

apartment owners) are held to the traditional tort principles imposed on landlords. <u>See</u> *Frances v. Village Green Owners Assn.*, 723 P.2d 573, 576 (Cal. 1986).

The Plaintiffs' allege both Defendants failed to inspect Unit 1217 or ensure the Unit's compliance with HOA rules and regulations. <u>See</u> Amended Complaint at ¶ 23 (Aug. 7, 2020). These allegations sufficiently outline a duty of care and subsequent breach of that duty. In addition, these allegations sufficiently outline damages both actually and proximately caused by the Defendants' breach. A material factual dispute exists here, and the negligence charge may be properly submitted to a fact-finder for resolution.

## III. Claim Two: Negligence Per Se

"The common law doctrine of negligence per se provides that the failure of a person to exercise due care is presumed if:

(1) He violated a statute, ordinance, or regulation;
(2) The violation proximately caused death or injury to person or property;
(3) The injury that resulted is the type the statute, ordinance, or regulation was designed to prevent, and
(4) The person suffering the injury to its person or property was one of the class of persons whose protection the statute, ordinance, or regulation was adopted."

<u>See</u> *Carlberg v. Guam Industrial Services*, CV 14-00002 at ¶ 11, 2016 WL 7493951 (D. Guam Dec. 30, 2016).

The Plaintiffs' negligence per se claim alleges that the Defendants violated 10 G.C.A. § 34116(a) by allowing the dog to run at large without a leash, that this violation of Guam law caused injuries, harm, and damages to the Plaintiffs, that those injuries were of the type that the statute was designed to prevent, and that the Plaintiffs were members of the class of persons the statute was designed to protect. <u>See</u> Amended Complaint at ¶ 27-37 (Aug. 7, 2020).

Decision and Order Denying Defendant's Motion for Summary Judgment
CV0463-20, *Hee S. Park & Myung J. Park v. Alex Vasquez, et. al.*
Page **5** of **10**

The statutes in question make it "unlawful for any *dog owner* to negligently allow a dog *owned by him* to run at large", and holds *"pet owners"* liable "if a pet shall injure any person... to the extent that *his* negligence was the proximate cause of such injury." See 10 G.C.A. §§ 34114, 34116(a) (emphasis added). A "pet owner" means any person who harbors, cares for, exercises control over, or knowingly permits any pet to remain on premises occupied by that person. See 10 G.C.A. § 34101(f).

Defendants claim they had no knowledge of the dog's existence, thereby giving them a non-pet owner status, preventing them from violating this statute and being liable under claims of negligence per se. See Fada's at 6 (Nov. 22, 2021); HOA's Memo at5-9 (Nov. 22, 2021).

However, whether the Defendants qualify as pet owners remains a material factual dispute requiring resolution by a fact-finder. The Defendants' claim of non-pet owner status is highly relevant towards the outcome of the suit, and it must be presented to a fact-finder who can then determine whether to believe them or not. While the Defendants' claim they had no knowledge of the dog, it remains entirely possible that they did exercise control / care over the dog or gave it permission to remain on the premises. After all, the Plaintiffs alleged the dog was living in Unit 1217 for several months, that Vasquez routinely brought the dog in / out of the main entrance, and that HOA employees knew of the dog and its large size. See Opposition at 4-5 (Jan. 21, 2022). Whether the Defendants cared over the dog or knowingly permitted it to remain on the premises is a factual issue that should be submitted to a fact-finder. It would be improper to dispose of this case via summary judgment while this material factual issue remains in dispute.

Decision and Order Denying Defendant's Motion for Summary Judgment
CV0463-20, *Hee S. Park & Myung J. Park v. Alex Vasquez, et. al.*
Page **6** of 10

## IV.    Claim Three:  Res Ipsa Loquitor

Under the doctrine of res ipsa loquitur, "it may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when (a) the event is of a kind which ordinarily does not occur in the absence of negligence; (b) other responsible causes... are sufficiently eliminated by the evidence; and (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff." See Restatement (Second) of Torts § 328D (1965). However, the doctrine of res ipsa loquitur may only be applied when the Defendant has control over the instrumentality causing the injury. See *Gordon v. Aztec Brewing Co.*, 203 P.2d 522, 524 (Cal. 1949).

The Defendants' claims their lack of control over the dog prevents them from being liable under a theory of res ipsa loquitor. See Fada's Memo at 17-19 (Nov. 22, 2021); HOA's Memo at 14-16 (Nov. 22, 2021).

However, the Defendants once again misconstrue the nature of the Plaintiffs' claim. The Plaintiffs are not suing the Defendants as owners of the dog; rather upon premises liability and direct action. See Opposition at 2 (Jan. 21, 2022). It was Unit 1217's non-compliance with Pia Marine's HOA rules and regulations that caused the Plaintiffs' injuries. The Plaintiffs sufficiently alleged that Fada controlled over Unit 1217, and that HOA controlled over Pia Marine's premises. See Amended Complaint at ¶ 38-43 (Aug. 7, 2020).

The Plaintiffs also sufficiently alleged all elements of their negligence claim (duty of care to ensure Unit 1217's compliance with Pia Marine's HOA rules and regulations, breach of that duty, causation, and damages). Id. at ¶ 22-26. Therefore, the Plaintiffs may invoke res ipsa loquitor as a "rule of evidence raising an inference of negligence." See *Dorswitt v. Wilson*, 125 P.2d 626, 627 (Cal. 1942).

Decision and Order Denying Defendant's Motion for Summary Judgment
CV0463-20, *Hee S. Park & Myung J. Park v. Alex Vasquez, et. al.*
Page 7 of 10

## V. Claim Four: Negligent Infliction of Emotional Distress

To recover on a claim for negligent infliction of emotional distress, a claimant must show "(1) extreme and outrageous conduct by the Defendant; and (2) the Defendant should have realized that his conduct posed an unreasonable risk of causing distress that might result in illness or bodily harm." See *Moylan v. Citizens Sec. Bank*, 2016 Guam 36 at ¶ 78 (internal citations omitted).

Both Defendants claim their conduct was neither extreme nor outrageous. See Fada's Memo at 16-17 (Nov. 22, 2021); HOA's Memo at 13-14 (Nov. 22, 2021).

However, the Plaintiffs sufficiently allege that the Defendants' failure to inspect Unit 1217 or ensure its compliance with HOA rules and regulations is extreme and outrageous conduct. See Amended Complaint at ¶ 44-52 (Aug. 7, 2020). Furthermore, the Plaintiffs allege that the Defendants should have known this failure imposed a great risk of bodily harm on Pia Marine's residents. Id. at ¶ 44-52. Whether this conduct truly rises to extreme or outrageous levels is a material factual dispute requiring resolution by a fact-finder.

## VI. Claim Five: Loss of Consortium

A claim for loss of consortium may be brought by a plaintiff when his or her spouse (1) is injured by the defendant's negligence, and (2) those injuries affect their marital relationship and cause the plaintiff to suffer damages such as a loss of the spouse's services, companionship, and sexual relations. See *Johnson v. May*, 585 N.E.2d 224, 232 (5th Dist. 1992).

Although not directly challenged in the Defendants' Motion, it logically follows that if judgement is entered against the Plaintiffs' negligence claim, then judgment must also be entered against the Plaintiffs' loss of consortium claim.

Decision and Order Denying Defendant's Motion for Summary Judgment
CV0463-20, *Hee S. Park & Myung J. Park v. Alex Vasquez, et. al.*
Page 8 of 10

However, as discussed above, the Plaintiffs have adequately laid out all elements of their negligence claim. The Plaintiffs have also explained how the Defendants' alleged negligence affected their marriage, depriving Myung J. Park of love and companionship. See Amended Complaint at ¶ 53-54 (Aug. 7, 2020). The Plaintiffs have properly laid out all elements of their loss of consortium claim, creating a material factual dispute requiring resolution by a fact-finder.

## VII. Claim 6: Vicarious Liability

Under traditional vicarious liability rules, "principals or employers are vicariously liable for acts of their agents or employees in the scope of their authority or employment." See Meyer v. Holley, 537 U.S. 280, 285 (2003).

Although not directly challenged in the Defendants' Motion, it logically follows that if judgement is entered against the Plaintiffs' negligence claim, then judgment must also be entered against the Plaintiffs' vicarious liability claim.

However, as discussed above, the Plaintiffs have adequately laid out all elements of their negligence claim. The Plaintiffs also attributed such negligence to HOA's employees, who became aware of Vasquez's dog while on duty, but failed to enforce Pia Marine's pet policy regulations. See Amended Complaint at ¶ 55-58 (Aug. 7, 2020); Opposition at 5-6 (Jan. 21, 2022). The Plaintiffs have properly laid out all elements of their vicarious liability claim, creating a material factual dispute requiring resolution by a fact-finder.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Defendants' Motion. The Plaintiffs have sufficiently outlined claims of negligence, negligence per se, negligent infliction of emotional distress, loss of consortium, and vicarious liability attributable to the Defendants. All claims contain material factual disputes, requiring resolution by a fact-finder.

Decision and Order Denying Defendant's Motion for Summary Judgment
CV0463-20, *Hee S. Park & Myung J. Park v. Alex Vasquez, et. al.*
Page 9 of 10

**IT IS SO ORDERED** this   June 3, 2022                .



HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
P. Perez, E. Han, Cunliffe & Cook,
Blair Sterling Johnson / Martinez
Date: 6/3/22 Time: 3:15pm

Deputy Clerk, Superior Court of Guam

Decision and Order Denying Defendant's Motion for Summary Judgment
CV0463-20, *Hee S. Park & Myung J. Park v. Alex Vasquez, et. al.*
Page **10** of **10**